# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WALTER COLUMBUS SIMMONS, | ) |
|        Plaintiff, pro se, | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| SURRY COUNTY SHERIFF | ) **AND RECOMMENDATION** |
| DEPARTMENT, GRAHAM | ) |
| ATKINSON, SGT. TONY | )       1:09CV94 |
| HOLYFIELD, DR. DEAN CULLER, | ) |
| AND DEPUTY J. C. MELTON, | ) |
|        Defendants. | ) |

This matter is before the court on two pending motions to dismiss–a motion to dismiss filed by Defendants Surry County Sheriff's Department, Sheriff Graham Atkinson, Sergeant Tony Holyfield, and Deputy J.C. Melton (docket no. 9), and a separate motion to dismiss filed by Defendant Dean Culler (docket no. 13). Plaintiff has not responded to the motions.[1] In this posture, the pending motions are ripe for disposition. Furthermore, because the parties have not consented to the jurisdiction of the magistrate judge, the motions must be dealt with by recommendation. For the following reasons, it will be recommended that the court grant Defendants' motions to dismiss.

---

[1] On September 21, 2009, and November 23, 2009, the Clerk of Court mailed a letter to Plaintiff advising him of his right, and the consequences of failing, to respond to each motion to dismiss. (*See* Roseboro Letter, docket nos. 11, 15.)

## I. Background and Plaintiff's Allegations

On February 4, 2009, Plaintiff Walter Columbus Simmons, an inmate at the Surry County Detention Center, filed this pro se action, naming the following persons or entities as Defendants: the Surry County Sheriff's Department, Surry County Sheriff Graham Atkinson, Sergeant Tony Holyfield, Dr. Dean Culler, and Deputy J. C. Melton. The complaint is on a form that purports to set forth a claim pursuant to 42 U.S.C. § 1983 for a violation of Plaintiff's civil rights, and the factual allegations are in the nature of a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

The incident giving rise to Plaintiff's complaint occurred on November 15, 2007, while Plaintiff was incarcerated at the Surry County Detention Center. The entirety of Plaintiff's factual allegations are as follows[2]:

> On 11-15-2007 while housed at the Surry County Detention Facility I was assigned to D-Block. Deputy Melton escorted me to the intake area to place me in full restraints, shackle hands and feet once in restraints. I was escorted from the intake area to the Department's transportation vehicle, a van. I was transported across the square to the old courthouse once we arrived there. As I was getting out of the van the leg restraints wouldn't allow enough stride to reach from the floor of the van to the concrete sidewalk. I fell from the van doorway to the concrete pavement on my knees from a height of between 3-4 feet causing injury and pain to my knees, hips, and lower back. Deputy Melton was aware of what was taking place. He grabbed me to keep [me] from falling forward and hitting my face on the other parked car. We went on [to see] the magistrate. When I came back from seeing the

---

[2] Some spelling, punctuation, and grammatical errors have been corrected.

> magistrate, Deputy Melton informed Sgt. Holyfield that I sustained injuries related to the fall. He was order[ed] to escort me back to the jail house to see the nurse. Mrs. Linda Simmons [asked] me what happen[ed]. I told her I tripped getting out of the van. I told the nurse I need[ed] to get [] x-rays. She told me it was not that bad she ask[ed] me where was the impact. I told her my knees when I fell out of the van. I went straight down landing on my knees. She said I will put you down to see the doctor Dr. Dean Culler. The nurse gave me medicated ointment and wrapped both my knees and gave me some Tylenol for the pain in my knees, hips, and lower back. Two days later Dr. Dean Culler checked me out. The doctor prescribed pain pills and muscle relaxers and ordered x-rays. I was thinking x-rays were to be taken immediately but none of the deputies came to get me. A week later I ask[ed] for a Grievance because I still hadn't had [] x-rays for my knees and hips and lower back. I filled out the grievance telling about the x-rays. They did not respond the only thing they did was bring me some pain pill. The second week I filled out another Grievance to tell them about my x-rays and pain in my knees and hips and lower back. I ask[ed] to have [] x-rays done per Dr. Dean Culler's orders from two weeks before. The third week I was taken to get x-rays, [which was] 3 weeks after [the] accident.

(Compl., docket no. 2.) Plaintiff contends that when the nurse called him to tell him about the x-rays, she told him that there was "build up" on his spine. (*Id.*) Plaintiff alleges that "they waited three weeks for my injury to heal up before I got x-rays and the delay to get x-rays was an attempt to hide this injury from this fall." (*Id.*)

In his prayer for relief, Plaintiff requests that all of the Sheriff's Department transportation vehicles "be fully equipped to transports [sic] the elderly, the handicapped and all other men and women who may be housed here." (*Id.*) Specifically, he requests that all transportation vehicles have step ladders and wheelchair accessibility. (*Id.*) He further requests a twenty-four hour medical service at the detention center; monetary damages for mental anguish, pain, and

3

suffering; and punitive damages. (*Id.*)  Although it is not clear whether the individual Defendants are being sued in both their individual and official capacities, because pro se complaints are generally afforded liberal construction, the court will treat the complaint as alleging both.

## II.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action.  *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995).  At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor.  *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss.  *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980).  A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978).  This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief.  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  As the Supreme Court has recently

4

instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted).

**III. Discussion**

**a. Motion to Dismiss As to Defendants Surry County Sheriff's Department, Sheriff Atkinson, Sergeant Holyfield, and Deputy Melton**

I first consider the motion to dismiss Plaintiff's deliberate indifference claim as to the named Defendants Surry County Sheriff's Department, Sheriff Atkinson, Sergeant Holyfield, and Deputy Melton. I first note that because it appears that the "Surry County Sheriff's Department" is not an entity capable of being sued, dismissal is appropriate as to that named Defendant. *See Efird v. Riley*, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004). Next, to the extent that Defendants Sheriff Atkinson, Holyfield, and Melton are being sued in their official capacities, these Defendants enjoy sovereign immunity, except that immunity may be waived to the extent of coverage of the Sheriff's Department under a liability insurance policy purchased by the County; or to the extent of the amount of the sheriff's bond purchased pursuant to North Carolina General Statutes § 58-76-5. *See id.* at 425. "To recover on a sheriff's bond, a plaintiff must join the bond surety as a party to the action against the sheriff." *Efird*, 342 F. Supp. 2d at 425 (citing *Messick v. Catawba County*, 110 N.C. App. 707, 715, 431 S.E.2d 489, 494 (1993) ("stating that the statutory requirement

5

of a bond removes the sheriff 'from the protective embrace of governmental immunity, but only where the surety is joined as a party to the action'") (some internal citations omitted). Pleading the waiver is a necessary element, and "if a plaintiff neither alleges waiver through the surety or the purchase of liability insurance, then the plaintiff will be barred by sovereign immunity from recovering against the defendant." *Efird*, 342 F. Supp. 2d at 426.

As Defendants note, Plaintiff has not alleged the waiver of governmental and/or sovereign immunity through the purchase of liability insurance as to his claim against Defendants Atkinson, Holyfield, and Melton in their official capacities. Furthermore, Plaintiff has not alleged waiver of governmental and/or sovereign immunity through the purchase of a sheriff's bond. In addition, Plaintiff failed to join the bond surety as a party to the complaint. Due to Plaintiff's failure to allege the waiver of sovereign immunity, Plaintiff's claim cannot proceed against Defendants Atkinson, Holyfield, and Melton in their official capacities. *See Gantt v. Whitaker*, 203 F. Supp. 2d 503, 508 (M.D.N.C. 2002) (dismissing an official capacity suit against a deputy sheriff as redundant with the official capacity suit against the sheriff), *aff'd*, 57 Fed. Appx. 141 (4th Cir. 2003).

In any event, for the following reasons, I agree with Defendants that Plaintiff fails to allege a claim for deliberate indifference to serious medical needs against all of the named Defendants. Thus, Plaintiff's claims should be dismissed as to all Defendants in both their official and individual capacities. Here, Plaintiff purports to

6

bring a claim of deliberate indifference to serious medical needs based on Defendants' alleged delay in ordering x-rays after Plaintiff fell from the transportation van. It is well settled that not "every claim by a prisoner that he has not received adequate medical treatment states a [constitutional] violation." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The Eighth Amendment only proscribes acts or omissions by prison officials that are "sufficiently harmful to evidence *deliberate indifference* to serious medical needs." *Id.* at 106 (emphasis added). Following *Estelle*, courts have developed a two-part test for evaluating Section 1983 claims alleging Eighth Amendment violations as to medical care: Courts first evaluate whether there was evidence of a serious medical need; if so, courts then consider whether a defendant's response to that need amounted to deliberate indifference. *Mandel v. Doe*, 888 F.2d 783, 787-88 (11th Cir. 1989).

Thus, Plaintiff must first demonstrate a sufficiently serious medical need. A serious medical need exists if (1) a condition has been diagnosed by a physician as mandating treatment or is so obvious that a layperson would recognize the need for medical care; or if (2) a delay in treatment causes a lifelong handicap or permanent loss. *See Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *see also Loe v. Armistead*, 582 F.2d 1291, 1296 (4th Cir. 1978) (concluding that the "excruciating" pain of an untreated broken arm is sufficiently serious). The deliberate indifference standard requires the plaintiff to prove that "the official knows of and disregards an excessive risk to inmate health or safety."

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference is not an objective standard, along the lines of "civil-law recklessness," but rather a subjective standard, akin to criminal law recklessness, focusing on the defendant's conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 836-37. In other words, to be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Although "deliberate indifference" is a subjective standard, a defendant's knowledge "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Id.* at 842. For example, a fact finder may infer "that a prison official knew of a substantial risk *from the very fact that the risk was obvious*." *Id.* (emphasis added).

Finally, it is well settled that negligence or medical malpractice is not sufficient to establish deliberate indifference. *Estelle*, 429 U.S. at 105-06. An "error of judgment" on the part of prison medical staff, or "'inadvertent failure to provide adequate medical care,' while perhaps sufficient to support an action for malpractice, will not constitute a constitutional deprivation redressable under § 1983." *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979) (quoting *Estelle*, 429 U.S. at 105). As such, mere disagreements between a health care provider and an inmate over the proper course of treatment do not state a viable Eighth Amendment claim. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review."). Rather, to establish deliberate indifference, the

8

plaintiff must show that treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement [or] supplying medical needs." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Here, Plaintiff has not alleged that he had a serious medical need as required to state an Eighth Amendment deliberate indifference claim. That is, although he alleges that he was injured when he fell from the van, he does not allege that he sustained any serious injuries, and he admits that later x-rays revealed no lasting injuries from his fall. Furthermore, even if Plaintiff had sufficiently alleged a serious medical need, Plaintiff has not sufficiently alleged that Defendants were in any way deliberately indifferent to his serious medical need. In support of his deliberate indifference claim, Plaintiff has alleged, at most, that he believed that x-rays were going to be taken immediately after his fall. He has further admitted that he did receive health care, including pain medication, ointment, and wrappings, on the day of the incident from the jail nurse and then again two days later from Defendant Culler. In sum, Plaintiff has simply failed to allege sufficient facts to state a claim for deliberate indifference to serious medical needs, and dismissal of his Section 1983 claim is therefore proper as to Defendants Atkinson, Holyfield, and Melton.

9

**b. Motion to Dismiss As to Defendant Dean Culler**

Defendant Dean Culler has filed a separate motion to dismiss for lack of personal jurisdiction (Rule 12(b)(2)), insufficient process (Rule 12(b)(4)), and insufficient service of process (Rule 12(b)(5)), on the grounds that he was never personally served with the complaint and summons by any method authorized by either the Federal or North Carolina Rules of Civil Procedure.[3] I agree that Defendant Culler should be dismissed because he was not properly served.

Federal Rule 4(e), which applies to service upon individuals, provides, in pertinent part:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). In turn, North Carolina's Rule 4(j)(1) provides, in pertinent part, that service may be made upon an individual:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling

---

[3] In November 2007, Culler was working part-time with the Surry County Health Department in its jail program. His employment with the Surry County Health Department ended around April 2009. Culler asserts that although Plaintiff refers to Culler as a medical doctor in the complaint, Culler is not and has never been a medical doctor.

> house or usual place of abode with some person of suitable age and discretion then residing therein.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt.
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee. Nothing in this sub-subdivision authorizes the use of electronic mailing for service on the party to be served.

N.C. R. CIV. P. 4(j)(1).

Here, Plaintiff did not serve Defendant Culler in accordance with the manner prescribed under Federal Rule 4(e), or in the proper manner prescribed by North Carolina's Rule 4(j). Plaintiff attempted to serve the summons and complaint by certified mail, return receipt requested, to Post Office Box 827, Dobson, NC 27017. The summons was signed for by a person named Amy Sullivan on August 31, 2009. In an affidavit attached to his motion to dismiss, Culler asserts that Post Office Box 827, Dobson, NC 27017 has never been his post office box for receiving mail. (*See* Culler Aff., docket no. 13.) Culler further asserts that he does not know a person named Amy Sullivan, and furthermore that Sullivan was at no time an employee, agent, spouse, relative, or agent authorized by appointment or law to accept service on Culler's behalf. Thus, Culler has shown that he was not served properly under

11

Federal Rule 4(e), or in the proper manner prescribed by North Carolina's Rule 4(j). Therefore, Culler's motion to dismiss should be granted.[4]

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that the court **GRANT** both pending motions to dismiss (docket nos. 9, 13) and dismiss this action with prejudice.[5]

_____
WALLACE W. DIXON
United States Magistrate Judge

April 2, 2010

---

[4] In any event, even if Culler had been served properly, Plaintiff's Section 1983 action as to Culler would fail for the same reason that it fails as to the other Defendants–that is, Plaintiff has simply not alleged facts showing that Culler was deliberately indifferent to a serious medical need of Plaintiff.

[5] As to Defendants' alternative motion for this court to "remand" the case to state court, this court does not have jurisdiction to remand a case to state court unless it was first originally filed in state court and then removed to this court. See 28 U.S.C. § 1447(d). Because Plaintiff's complaint was filed in this court, dismissal rather than remand is proper.